## Case No. 5,309.

### The GENERAL C. C. PINCKNEY.

[Blatchf. Pr. Cas. 668.] [1]

Circuit Court, S. D. New York. Dec. 3, 1863.[2]

PRIZE — BLOCKADE — WITHDRAWAL FROM ENEMY COUNTRY BY LOYAL CITIZEN WITH HIS PROPERTY.

1. Decree of the district court [Case No. 5,308], condemning the vessel and cargo as enemy property, reversed.

2. The claimant left the enemy port with the intent to withdraw from the enemy's country with his effects, and had for that purpose converted his property into the vessel and cargo, and intended to give himself up to the blockading squadron.

3. The withdrawal of the property under the circumstances did not subject it to capture as enemy property.

[Appeal from the district court of the United States for the Southern district of New York.]

In admiralty.

NELSON, Circuit Justice. The schooner in this case was captured at the entrance of the harbor of Charleston, South Carolina, on the morning of the 6th of May, 1862, while on her way to Nassau, N. P. She was of some thirty-eight tons burden, and had on board ninety-four bales of cotton and some ten barrels of rosin, the effects of the claimant, who was a tailor in Charleston, and had

---

1 [Reported by Samuel H. Blatchford, Esq.]
2 [Reversing Case No. 5,308.]

invested his property in the vessel and cargo, with the intent of escaping from the Confederate States and going to New York. He had previously sent his wife to Nassau, his family consisting of himself and wife. He left Charleston with a full knowledge of the blockade of the port, and with the intent of giving himself up to the blockading squadron, as the only mode of escape from the city. This intent was made known to several persons, some of whom were on board of the vessel.

The further proofs in the case in this court place the fact beyond all reasonable doubt that the claimant left Charleston with the intent to withdraw from the enemy's country with his effects, and that he had, for this purpose, converted his property into the vessel and the articles constituting the cargo on board. He was obliged to make Nassau his port of destination, or he would not have been permitted to leave the enemy's port.

I think that the case is brought fairly within the rule which has been applied in several cases, that the withdrawal of the property, under the circumstances stated, does not subject it to capture as enemy property. Decree below reversed.